**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAY PADILLA, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 14-cv-718 |
| v. ) ) | |
| PRINCIPAL FINANCIAL GROUP, INC., a Delaware corporation; and NATIONSTAR MORTGAGE HOLDINGS, INC., a Delaware corporation, ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Ray Padilla ("Padilla" or "Plaintiff") brings this action against Defendant Principal Financial Group, Inc. ("Principal") and Nationstar Mortgage Holdings Inc. ("Nationstar" and collectively "Defendants") on behalf of himself and all others similarly situated, and complains and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**I.    NATURE OF THE ACTION**

1. This case is about Defendants' unlawful suspensions and reductions of Plaintiff's and its other customers' home equity lines of credit ("HELOCs"). Principal and Nationstar falsely claimed that the customer's home had significantly declined in value when, in reality, it had not. In doing so, Defendants broke their contractual obligations and promises with their HELOC account holders (collectively the "Class members")—the intended result of which has been to collectively deny the Class members their bargained-for access to millions of dollars worth of affordable credit.

2. In violation of the law, each member of the Class had a HELOC that Defendants reduced or suspended in a manner that was illegal, unfair, and deceptive. As a result of Defendants' wrongful actions, Plaintiff brings this class action on behalf of himself and the putative Class for injunctive relief, declaratory judgment, actual damages and attorneys' fees for Defendants' breach of contract; violations of Illinois Consumer Protection Act, breach of the implied covenant of good faith and fair dealing; and unjust enrichment.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). On information and belief, the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and the members of the Class are citizens of a State different from Defendants.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events giving rise to Plaintiff's claims occurred while she resided in this judicial district. Venue is also proper under 18 U.S.C. § 1965(a) because Defendant transacts substantial business in this District.

## III. PARTIES

*Plaintiff*

5. Plaintiff is domiciled in Chicago, Illinois. Plaintiff is a citizen of the State of Illinois.

6. In or around November 20, 2007, Plaintiff obtained a HELOC from GB Home Equity in the amount of $65,000.00 secured by his primary residence in Cook County. Padilla obtained his HELOC primarily for personal and household purposes. On information and belief, Principal and then Nationstar subsequently acquired Plaintiff's HELOC. In early 2011, Principal

sent Padilla a letter indicating that it had reduced/suspended his line of credit and that he could not make any further draws against the account. Since that time, neither Padilla nor Defendants have been able to locate the letter reducing the HELOC. The HELOC was Plaintiff's only line of credit at the time, not including his mortgage.

*Defendants*

7. Defendant Principal Financial Group, Inc. is a Delaware corporation. Its corporate headquarters is located at 711 High Street, Des Moines, IA 50392. Consequently, Principal is a citizen of the States of Delaware and Iowa.

8. Principal Financial Group, Inc. provides banking services and financial services for both individuals and businesses.

9. Defendant Nationstar Mortgage Holdings Inc. is a Delaware corporation. Its principal executive offices are located at 350 Highland Drive, Lewisville TX 75067. Consequently, Nationstar is a citizen of the States of Delaware and Texas.

10. Nationstar Mortgage Holdings, Inc., is a real estate services company engaged primarily in the servicing of residential mortgage loans for others as well as the origination and selling or securitization of single-family conforming mortgage loans to government-sponsored entities or other third-party investors.

### IV. FACTUAL ALLEGATIONS

11. In or around November 20, 2007, Plaintiff obtained a HELOC in the amount of $65,000.00 secured by his primary residence. Plaintiff obtained the HELOC for personal and household purposes.

12. Plaintiff originally purchased his HELOC from GB Home Equity, LLC. On information and belief, Principal acquired the HELOC and mortgage, and Nationstar later acquired Plaintiff's HELOC and mortgage from Principal.

13. Following the acquisition, Principal, and then Nationstar, serviced and, at all times, were considered the lender with respect to Plaintiff's HELOC.

14. The HELOC agreements contained an exhaustive list of circumstances in which GB Home Equity, or any successor, could reduce the amount of the HELOC, specifically if the home's value was significantly reduced.

15. The governing HELOC Agreements contain a term that purports to give Defendants discretion to suspend the HELOC or reduce the credit limit if "the value of your Property [securing the HELOC] declines significantly below the property's appraised value for purposes of this Credit Line Account. This includes, for example, a decline such that the initial difference between the Credit Limit and the available equity is reduced by fifty percent and may include a smaller decline depending on the individual circumstances." *See* HELOC Agreement, *attached hereto as* Exhibit A.

16. On information and belief, in or around early 2011, Principal mailed Plaintiff a notice that Principal had suspended all future draws on his HELOC due to a significant decline in the value of his property.

17. The Cook County Assessor's office conducted an assessment of Plaintiff's property in 2012, which noted the Estimated Fair Market Value ("EFMV") of Plaintiff's home during 2010 and 2011. According to the Assessment History, Plaintiff's property did not change in value between 2010 and 2011. *See* Cook County Assessment, *attached hereto as* Exhibit B.

18.     No appraisal of the property was performed by Principal or Nationstar prior to the reduction in the HELOC, and, on information and belief, the value of the home did not decline by 50% or in any significant manner in this period.

19.     The unreasonably low valuation of Padilla's home and reduction of the credit line denied him access to the full bargained-for credit, dramatically decreasing the amount of credit he had available, and adversely impacting his credit scores.

## V. CLASS ALLEGATIONS

20.     Plaintiff brings this action on behalf of himself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendants for violations of Illinois state laws and similar laws in other states:

### Multi-State Class Action

> All persons who have or had a HELOC with Principal or Nationstar (including Defendants' predecessors and/or successors), and whose HELOC was suspended or reduced based on a claim by Principal or Nationstar that the property securing the HELOC had experienced a significant decline in value during any time when Principal or Nationstar's suspension and reduction processes, policies, and systems were insufficient to allow Principal or Nationstar to accurately determine whether the property had actually experienced a significant decline in value.

Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors.

21.     In the alternative, Plaintiff brings this action on behalf of himself and all other similarly situated Illinois residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

### Illinois Class Action

> All Illinois residents who have or had a HELOC with Principal or

>Nationstar (including Defendants' predecessors and/or successors), and whose HELOC was suspended or reduced based on a claim by Principal or Nationstar that the property securing the HELOC had experienced a significant decline in value during any time when Principal or Nationstar's suspension and reduction processes, policies, and systems were insufficient to allow Principal or Nationstar to accurately determine whether the property had actually experienced a significant decline in value.

Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors.

22. Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of his claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

23. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses are presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

24. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

>(a) What were Principal and Nationstar's criteria and policies for reducing and suspending the credit limits on its HELOCs and whether such criteria and policies breached the HELOC agreements;
>
>(b) What were Principal and Nationstar's methods for valuing the homes

securing the HELOCs;

(c) Whether the valuation methods relied upon by Principal and Nationstar were inaccurate and/or unreliable;

(d) Whether Principal and Nationstar violated the HELOC agreements by suspending or reducing HELOCs in the absence of a significant decline in the value of the properties securing its borrowers' HELOCs;

(e) Whether Principal and Nationstar's criteria, policies and actions with respect to HELOC suspensions and reductions breached the implied covenant of good faith and fair dealing; and

(f) Whether the Plaintiff and Class members are entitled to injunctive or declaratory relief.

25. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform misconduct described above.

26. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

27. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class members as a whole.

28. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy,

and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
### BREACH OF CONTRACT
### (on behalf of Plaintiff and the National Class)

29. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-28 above as if fully set forth herein.

30. Plaintiff and the other Class members obtained HELOCs which are valid contracts between each Class member and Principal or Nationstar.

31. The governing HELOC Agreements contain a term that purports to give Principal or Nationstar discretion to suspend the HELOC or reduce the credit limit if there is a "significant" decline in the value of the property, such as a reduction of fifty percent in the available equity.

32. The credit limit under the Class members' HELOC Agreements, as well as the conditions under which Principal could reportedly suspend or reduce credit limits, were material terms of the contract between Class members and Principal or Nationstar.

33. Principal and Nationstar materially breached the terms of the HELOC Agreements by suspending or reducing the credit limit of Plaintiff's and other Class members' HELOCs where no significant decline in value had first occurred, as evidenced by the Cook County Assessor's assessment history of the property. *See* Exhibit B.

34. Principal and Nationstar further breached the HELOC Agreements by basing their suspension and reduction decisions on flawed, inaccurate, and unreliable valuation methods that knowingly resulted in and permitted the unreasonable undervaluation of Class members' properties.

35. Principal and Nationstar further breached the HELOC Agreements by suspending or reducing HELOCs based on grounds not permitted by the terms of the HELOC Agreements, including Principal's use of improper triggering events.

36. As a result of Principal and Nationstar's contract breaches, Plaintiffs and the Class members have suffered damages in the form of being denied the full use of their HELOCs, lost interest, attorneys' fees, adverse effects on credit scores and other damages.

37. Plaintiff, on his own behalf and on behalf of the Class members, seeks actual and compensatory damages for Defendant's breach of contract in the amount to be determined at trial, plus reinstatement of the HELOCs that were suspended or reduced in breach of the HELOC Agreements, as well as interest, attorneys' fees and costs.

### COUNT II
### BREACH OF THE IMPLIED COVENANT
### OF GOOD FAITH AND FAIR DEALING
**(on behalf of Plaintiff and the National Class)**

38. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-28 above as if fully set forth herein.

39. Plaintiff and the other Class members had valid HELOCs with Principal and Nationstar, which constitute valid contracts.

40. Implied in the terms of each of these HELOC Agreements was a covenant of good faith and fair dealing. This implied covenant prevents Principal or Nationstar from engaging in conduct, and exercising its discretion, in a manner that frustrates the Class members' rights to the benefits of the contracts or that would injure the right of the Class members to receive the benefits of their HELOC Agreements.

41. The credit limit, and the grounds on which Principal or Nationstar could purportedly exercise its discretion to suspend or reduce credit limits, were material terms of the Class members' HELOC Agreements.

42. Defendants breached the implied covenant of good faith and fair dealing by undervaluing the properties securing the HELOCs through the use of inaccurate and unreliable valuation models to justify their blanket suspensions and reductions of the HELOCs. Principal and Nationstar's failure to exercise their discretion in good faith is evidenced by their policy and practice of freezing and reducing HELOC accounts without a sound factual basis and with the knowledge that it was relying on inaccurate and unreliable valuation methods.

43. Principal and Nationstar wrongfully and in bad faith exercised their discretion under the HELOC Agreement in a manner that constituted a breach of the implied covenant of

good faith and fair dealing, and their decisions and actions frustrated the Class members' rights to receive the full benefits of the HELOC Agreements.

44. Principal and Nationstar's breach of the implied covenant of good faith and fair dealing unjustly enriched Principal and Nationstar and caused Plaintiff and the Class members to incur damages. These damages stem from denial of the full use of HELOCs, adverse effects on credit scores, loss of interest, and other damages.

45. Plaintiff, on his own behalf and on behalf of the other Class members, seeks damages for Principal and Nationstar's breach of the implied covenant of good faith and fair dealing, plus reinstatement of the HELOCs that were suspended or reduced in breach of the implied covenants, interest, attorneys' fees, and costs in an amount to be determined at trial.

## COUNT III
### RESTITUTION FOR UNJUST ENRICHMENT
**(In the Alternative to Count One on Behalf of Plaintiff and the National Class)**

46. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-28 above as if fully set forth herein.

47. In the event this Court finds that no contract provision expressly governs the issues raised in this Complaint, Principal and Nationstar have knowingly received and retained benefits from Plaintiff and the Class members under circumstances that would render it unjust to allow Principal and Nationstar to retain such benefits.

48. By utilizing inaccurate and unsubstantiated valuation models that did not provide particularized and accurate valuations of the properties of each Class member, Principal and Nationstar have been unjustly enriched by retaining monies that should otherwise have been made available to customers as part of their HELOCs. Principal and Nationstar unlawfully and inappropriately reduced or froze the credit limits of the Class members, thus allowing

Defendants to utilize monies for their own purposes rather than for extending credit to Class members as previously promised.

49. Principal and Nationstar were further unjustly enriched because, at the Class members' expense, their unlawful account suspensions and reductions resulted in a decrease in the level of monies that they were required to keep in reserve, thus permitting Principal and Nationstar to benefit from the time value of the additional funds and to free-up such additional funds for their own use, including extending different, more profitable loans to consumers at higher interest rates. It is unjust to allow Principal and Nationstar to keep such a benefit in light of the significant harm their actions caused the Class members.

50. As an actual and proximate result of its actions, Defendants have received and retained a benefit at the expense and detriment of Plaintiff and the Class members in the form of the credit unlawfully not extended to Class members. Plaintiff and the Class members have lost the time value of the money they would have had access to had it not been for the improper suspensions and reductions.

51. Plaintiff seeks disgorgement and restitution of all revenue and profits gained through Principal and Nationstar's unjust enrichment at the expense of the Class members, reinstatement of all unlawfully suspended and reduced HELOCs, plus interest and attorneys' fees, in an amount to be determined at trial.

### COUNT IV
### VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/2, et seq.
**(Deceptive Business Practices)**
**(on behalf of Plaintiff and the Illinois Class)**

52. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-28 above as if fully set forth herein.

53. Principal and Nationstar's wrongful acts, as set forth throughout this Complaint, constitute deceptive business practices, false pretense, misrepresentations, and concealment or omission of material facts with the intent that consumers will rely on the misrepresentations, concealment or omissions in violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 *et seq*.

54. Principal and Nationstar's deceptive acts have occurred in commerce and have caused, and will continue to cause, serious injury to Plaintiff and the Illinois Subclass members.

55. Principal and Nationstar made false statements of material fact in their HELOC suspensions/reductions notices sent to Padilla and members of the Illinois subclass. In these notices, Principal and Nationstar represented that the Illinois Subclass members' HELOCs had been suspended due to a significant decline in the property value. These representations were false because, as alleged throughout this Complaint, the values of Plaintiff and the Illinois Subclass members' properties did not decline significantly. Principal and Nationstar knew or should have known at the time of making these representations that such representations were false, that Principal and Nationstar's valuation methods were faulty and inaccurate, that the property values of Plaintiff and the Illinois Subclass members had not declined significantly, and that Defendants lacked a sound factual basis for concluding otherwise.

56. Nevertheless, Principal and Nationstar made these representations intentionally in an effort to falsely trigger their right to suspend the Illinois Subclass members' HELOCs. Principal and Nationstar knew and intended that their customers would rely on their misrepresentations, and such misrepresentations were likely to deceive reasonable HELOC borrowers into believing that their home values did in fact decline significantly and that their

HELOC suspensions or reductions were proper, and were further likely to prevent or limit appeals of Principal and Nationstar's HELOC suspensions and reductions.

57. As a direct and proximate result of the deceptive, unscrupulous and unconscionable practices of Principal and Nationstar set forth above, the Illinois Subclass members have been denied access to their bargained-for credit lines and have suffered adverse effects on their credit scores, and other damages.

### COUNT V
### VIOLATION OF ILLINOIS CONSUMER FRAUD AND
### DECEPTIVE BUSINESS PRACICES ACT, 815 ILCS 505/2, et seq.
### (Unfair Business Practices)
### (on behalf of Plaintiff and the Illinois Class)

58. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-28 above as if fully set forth herein.

59. Principal and Nationstar's wrongful acts, as set forth throughout this Complaint, constitute deceptive business practices, false pretense, misrepresentations, and concealment or omission of material facts with the intent that consumers will rely on the misrepresentations, concealment or omissions in violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 *et seq*.

60. Principal and Nationstar's deceptive acts have occurred in commerce and have caused, and will continue to cause, serious injury to Plaintiff and the Illinois Subclass members.

61. Principal and Nationstar's conduct was unfair, as the valuation methods they utilized to determine the values of the subject properties of the Class members securing the HELOCs were inaccurate and unsubstantiated so as to make their use unfair and readily subject to manipulation.

62. Principal and Nationstar intentionally utilized faulty and unreliable AVFMs in order to undervalue the property values of their customers and provide a false and improper basis for reducing credit limits. Additionally, Principal and Nationstar intentionally failed or refused to consider the level of available equity in the properties, despite having actual knowledge—or easy access to such knowledge—of the existence of sufficient equity in the property.

63. These acts and practices constitute unethical, immoral, unscrupulous, and oppressive conduct, which offends public policy and caused members of the Illinois Subclass substantial injury in violation of the Illinois Consumer Fraud Act.

64. As a direct and proximate result of the unfair and unconscionable practices of Principal and Nationstar set forth above, the Illinois Subclass members have been denied access to their bargained-for credit lines and have suffered adverse effects on their credit scores, as well as attorneys' fees and other damages.

65. Plaintiff, on his own behalf and on behalf of the Illinois Subclass seeks actual and compensatory damages, penalties, attorneys' fees, and costs as set forth in §10(a) of the Illinois Consumer Fraud Act, 815 ILCS 505/10(a), in an amount to be determined at trial. In addition, Plaintiff, on his own behalf and on behalf of the other Illinois Subclass members, also seeks an order enjoining Principal from further violations of the Illinois Consumer Fraud Act, as well as reinstatement of those HELOCs unlawfully and unfairly suspended or reduced by Defendant.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully requests that the Court enter an Order awarding the following relief:

(a) Certifying this action as a class action—either as a multi-state class or, in the alternative, as an Illinois class;

(b) Awarding actual damages for the Class on Counts I, II, IV-V, including but not limited to the increased price of credit, adverse effects on credit scores, lost benefit of the bargained-for use of the credit lines, lost interest, attorneys' fees, and other damages in an amount to be proven at trial;

(c) Granting preliminary and permanent equitable and injunctive relief for the Class, including enjoining Defendants from further violations of state consumer fraud and consumer protection statutes, restoration of unlawfully suspended or reduced HELOC credit limits, restitution of property gained by the unfair competition alleged herein, and an order for accounting of such property;

(d) Awarding pre-and post-judgment interest;

(e) Awarding punitive damages; and

(f) Such other relief as the Court may deem just and proper.

Dated: January 31, 2014                                  Respectfully submitted,

                                                         RAY PADILLA, individually and on behalf
                                                         of all others similarly situated

                                                         By _____
                                                            One of the Attorneys for Plaintiff
                                                            And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Gregory W. Jones
*gjones@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.267.1906

4812-9083-3688, v. 1